# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION



**SHADRICK FERRER and
GINA FERRER,**

      **Plaintiffs,**

v.

**PINNACLE CREDIT
SERVICES, LLC,
and
COMMERCIAL RECOVERY
SYSTEMS, INC.,**

      **Defendants.**

_____/

CASE NO.: 8:13cv 2062 33 AEP

**VERIFIED COMPLAINT FOR
UNLAWFUL COLLECTION
PRACTICES**

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

Plaintiffs Shadrick Ferrer and Gina Ferrer ("Plaintiffs"), by and through undersigned counsel, sues Pinnacle Credit Services, LLC, and Commercial Recovery Systems, Inc. and states as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs bring this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ( "FDCPA"), Fla. Stat. § 559.55 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*



## JURISDICTION AND VENUE

2.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiffs bring, among other claims, claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4      Plaintiffs Shadrick Ferrer ("Mr. Ferrer") and Gina Ferrer ("Mrs. Ferrer"), are natural persons resident in the City of Tampa, County of Hillsborough, State of Florida, and are "consumers," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

5.      Defendant Pinnacle Credit Services, LLC, is a Minnesota limited liability corporation ("Creditor Defendant" or "Pinnacle"), does business in the State of Florida, and is a "defaulted debt purchaser," and "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72.

6.      Defendant Commercial Recovery Systems, Inc. is a Texas corporation ("Collector Defendant" or "CRS") (collectively with Pinnacle, "Defendants"), doing business in the State of Florida, is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72.

7.      The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance *that the Defendants* were likely to conduct themselves and allowed them to so act with conscious

disregard of the rights and safety of others.   The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

8.      Mrs. Ferrer originally owed a debt to HSBC.   Mrs. Ferrer disputed a portion of that debt and did not make payments on the debt during the dispute.

9.      Defendant Pinnacle later purchased that debt (the "Alleged Debt").   Pinnacle engaged CRS to collect the Alleged Debt from Plaintiffs.

10.      Beginning in October 2012, Defendants began a series of abusive and harassing debt collection actions against Plaintiffs in violation of state and federal law.

11.      On October 9, 2012, at 10:20 a.m., Plaintiffs received a call on their home telephone from a man who identified himself as Ken Wallis from CRS.   Mr. Ferrer answered the call.   Wallis stated that he was collecting the Alleged Debt for Pinnacle.

12.      Wallis' made statements to Plaintiffs that were abusive and inferred threats of physical violence against Plaintiffs.    Specifically, Wallis stated that he knew where Plaintiffs were, inferring that he would come after Plaintiffs with physical violence.

13.      Further, Wallis threatened to ruin both of Plaintiffs credit, despite the fact that Mr. Ferrer was not a co-borrower on the Alleged Debt.

14.      During that first call, Plaintiffs gave Defendants the undersigned attorney's name and contact information and told Defendants not to contact Plaintiffs again.

15.      Within one minute, Wallis called Plaintiffs back and made the same threats again. Mr. Ferrer asked to speak to a supervisor.   Defendants refused to let Mr. Ferrer speak to a supervisor and told Mr. Ferrer he was "scum" and that he "had no rights" and that Mr. Ferrer was

"breaking the law" by not paying his debts.   Defendants told Mr. Ferrer they would bring embarrassment to Plaintiffs.

16.     After receiving the October 9, 2012 telephone call from Defendants, Plaintiffs called Pinnacle directly and gave their attorney's name and contact information.  Plaintiffs told Pinnacle to also advise  CRS to stop harassing Plaintiffs and that Plaintiffs wanted to receive no further telephone calls from either Pinnacle or CRS.

17.     Plaintiffs also sent Defendants a letter again giving their attorney's name and contact information and advising them not to contact Plaintiffs anymore.

18.     Nevertheless, Plaintiffs continued receiving telephone calls from Wallis, who continued making the same threats as in the October 9, 2012 telephone call.

19.     Moreover, Defendants telephoned Mrs. Ferrer's place of employment.  Mrs. Ferrer is a speech therapist for the Hillsborough County School system.  On at least two (2) occasions, Defendants telephoned Mrs. Ferrer at her place of employment after being instructed not to call Mrs. Ferrer at her place of employment.

20.     Plaintiffs also received telephone calls from a man who identified himself as Tom Worth.  Worth stated that he worked for CRS and was collecting a debt on behalf of Pinnacle.

21.     When Worth called, Mr. Ferrer again advised Defendants that he did not want to be harassed any further and that Plaintiffs had instructed Defendants both orally and in writing to cease their telephone calls to Plaintiffs.  Mr. Ferrer also again advised CRS of their attorney's name and contact information.

22.     Worth responded that he did not care about the fact that Plaintiffs had an attorney and said that Defendants were not afraid of lawsuits because they had great lawyers.

23.     Worth went on to state that he would continue to harass Plaintiffs until the Alleged Debt was paid.   Worth threatened to bring further embarrassment to Mrs. Ferrer by continuing to call the school at which Mrs. Ferrer worked.

24.     Worth also stated that he would ruin Plaintiffs' credit and garnish Plaintiffs' wages, despite the fact that Defendants have never obtained a judgment against Plaintiffs.

25.     Defendants also contacted Mrs. Ferrer's sister-in-law's father and gave specific details about the Alleged Debt and informed him they were trying to collect the Alleged Debt from Plaintiffs.   Defendants also told Mrs. Ferrer's sister-in-law's father that they would ruin Mrs. Ferrer's credit if she did not pay the Alleged Debt.

26.     Plaintiffs received telephone calls on their home telephone on at least the following dates and times:

    a.      October 9, 2012, at 10:20 a.m.

    b.      October 9, 2012, at 10:21 a.m.

    c.      October 10, 2012, at 4:58 p.m.

    d.      November 2, 2012, at 9:41 a.m.

    e.      November 5, 2012, 2:41 p.m.

    f.      November 6, 2012, at 11:09 a.m.

    g.      November 12, 2012, at 10:39 a.m.

    h.      November 12, 2012, at 2:24 p.m.

This is only a partial list that does not include all telephone calls made to Plaintiffs' home telephone number.

27.     Mr. Ferrer received at least two (2) telephone calls from female callers on behalf of Pinnacle to his cell phone, after instructing Defendants not to call Plaintiffs.  Mr. Ferrer again

advised Defendants to contact their attorney and provided the attorney's name and telephone number. One of those telephone calls occurred on December 18, 2012, at 12:07 p.m.

## COUNT I

### VIOLATION OF THE FDCPA BY DEFENDANT PINNACLE

28.     This is an action against Defendant Pinnacle for violations of 15 U.S.C. § 1692 *et seq.*

29.     Plaintiffs reallege and reincorporate paragraphs 1 through 27, as if fully set forth herein.

30.     Pinnacle, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiffs.

31.     The principal business of Pinnacle is the purchase of defaulted debts and Pinnacle regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Pinnacle is a "debt collector" under 15 U.S.C. § 1692a(6).

32.     The Alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it is for primarily personal, family, or household purposes.

33.     Through the conduct described in paragraphs 18 - 27 above, Defendant Pinnacle violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c

34.     Section 15 U.S.C. § 1692c provides, in pertinent part, as follows:

(a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

**(b) Communication with third parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**(c) Ceasing communication**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

## 15 U.S.C. § 1692d

35.    Section 15 U.S.C. § 1692d provides, in pertinent part, as follows:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

## 15 U.S.C. §1692e

36.  Section 15 U.S.C. § 1692e provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of —
     (A) The character, amount, or legal status of any debt;

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## 15 U.S.C. § 1692f

37.  Section 15 U.S.C. §1692f provides, in pertinent part, as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

38.    Defendant Pinnacle violated the above sections of the FDCPA when Defendants: (1) stated that Defendants knew where Plaintiffs were, inferring that Defendants would come after Plaintiffs with physical violence; (2) threatened to ruin both of Plaintiffs credit, despite the fact that Mr. Ferrer was not a co-borrower on the Alleged Debt; (3) repeatedly contacting Plaintiffs after Plaintiffs informed Defendants that Plaintiffs were represented by counsel and gave Defendants counsel's name and contact information; (4) told Mr. Ferrer that he was "scum" and that he "had no rights" and that Mr. Ferrer was "breaking the law" by not paying his debts, and that Defendants would bring embarrassment to Plaintiffs; (5) placing back-to-back collection calls to Plaintiffs; (6) making collection calls to Plaintiffs after Plaintiffs instructed Defendants, both orally and in writing, not to call Plaintiffs; (7) falsely stated that Defendants would garnish Plaintiffs wages even though Defendants had not obtained a judgment against Plaintiffs; (8) placing multiple collection calls to Mrs. Ferrer's place of employment after being told not to call Mrs. Ferrer's place of employment, and stating that Defendants would continue to call Mrs. Ferrer's place of employment in order to cause Mrs. Ferrer embarrassment;   (9) repeatedly calling Mrs. Ferrer's sister-in-law's father and telling him about the Alleged Debt and stating that Defendants would ruin Plaintiffs' credit if Plaintiffs did not pay the Alleged Debt; and (10) placing at least two Collection Calls to Mr. Ferrer's cell phone without Mr. Ferrer's consent.

39.    As a result of Pinnacle's violation of the FDCPA, Plaintiffs are entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);   (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiffs are entitled to under the law.

40.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiffs respectfully request this Court enter a judgment in Plaintiffs' favor finding that Pinnacle has violated the FDCPA; awarding Plaintiffs their actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE FCCPA BY DEFENDANT PINNACLE

41.    This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

42.    Plaintiffs re-allege and incorporate paragraphs 1 through 27, as if fully set forth herein.

43.    Pinnacle is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq.*

44.    The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

45.    Pinnacle communicated certain information to Plaintiffs as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

46.    Through the conduct described in paragraphs 18 - 27 above, Defendant Pinnacle violated the following provisions of the FCCPA:

47.    Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(2)   Use or threaten force or violence;

(4)   Communicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However,

this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.

(5)   Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

(7)   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(8)   Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist

(18)   Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

48.   Defendant Pinnacle violated the above sections of the FCCPA when Defendants: (1) stated that Defendants knew where Plaintiffs were, inferring that Defendants would come after Plaintiffs with physical violence; (2) threatened to ruin both of Plaintiffs credit, despite the fact that Mr. Ferrer was not a co-borrower on the Alleged Debt; (3) repeatedly contacting Plaintiffs after Plaintiffs informed Defendants that Plaintiffs were represented by counsel and gave Defendants counsel's name and contact information; (4) told Mr. Ferrer that he was "scum" and that he "had no rights" and that Mr. Ferrer was "breaking the law" by not paying his debts, and that Defendants would bring embarrassment to Plaintiffs; (5) placing back-to-back collection calls to Plaintiffs; (6) making collection calls to Plaintiffs after Plaintiffs instructed Defendants,

both orally and in writing, not to call Plaintiffs; (7) falsely stated that Defendants would garnish Plaintiffs wages even though Defendants had not obtained a judgment against Plaintiffs; (8) placing multiple collection calls to Mrs. Ferrer's place of employment after being told not to call Mrs. Ferrer's place of employment, and stating that Defendants would continue to call Mrs. Ferrer's place of employment in order to cause Mrs. Ferrer embarrassment;   (9) repeatedly calling Mrs. Ferrer's sister-in-law's father and telling him about the Alleged Debt and stating that Defendants would ruin Plaintiffs' credit if Plaintiffs did not pay the Alleged Debt; and (10) placing at least two Collection Calls to Mr. Ferrer's cell phone without Mr. Ferrer's consent.

49.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

50.    Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Pinnacle is liable to Plaintiffs for their actual damages, statutory damages, and reasonable attorney's fees and costs.

51.    Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendants as described herein, Plaintiffs are also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment against Pinnacle, finding that Pinnacle violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE TCPA BY DEFENDANT PINNACLE

52.     This is an action against Pinnacle for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

53.     Plaintiffs re-alleges and reincorporate paragraphs 1 through 27, as if fully set forth here-in.

54.     Pinnacle, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiffs.

55.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

56.     Pinnacle violated 47 U.S.C. § 227(b)(1)(A)(iii) when Pinnacle placed at least two calls to Mr. Ferrer's cell phone without Mr. Ferrer's express consent using an automatic telephone dialing system.

57.     Pinnacle willfully, knowingly, and intentionally made multiple calls to Mr. Ferrer's cell phone phone utilizing an automatic telephone dialing system after Mr. Ferrer told Pinnacle that Pinnacle did not have permission to call Mr. Ferrer's cell phone.

58.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

59.     As a result of the above violation of the TCPA, Pinnacle is liable to Plaintiffs for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

60.     Based upon the willful, knowingly, and intentional conduct of the Pinnacle as described above, Plaintiffs are also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiffs respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant Pinnacle violated the TCPA; (2) awarding Plaintiffs actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Pinnacle willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATION OF THE FDCPA BY DEFENDANT CRS

61.     This is an action against Defendant CRS for violations of 15 U.S.C. § 1692 *et seq.*

62.     Plaintiffs reallege and reincorporate paragraphs 1 through 27, as if fully set forth herein.

63.     CRS, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiffs.

64.     The principal business of CRS is the collection of debts and CRS regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, CRS is a "debt collector" under 15 U.S.C. § 1692a(6).

65.     The Alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5) insofar as it is allegedly for primarily personal, family, or household purposes.

66.     Through the conduct described in paragraphs 18 - 27 above, Defendant CRS violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c

67.     Section 15 U.S.C. § 1692c provides, in pertinent part, as follows:

(a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

**(b) Communication with third parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**(c) Ceasing communication**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
(1) to advise the consumer that the debt collector's further efforts are being terminated;
(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
If such notice from the consumer is made by mail, notification shall be complete upon receipt.

**15 U.S.C. § 1692d**

68.    Section 15 U.S.C. § 1692d provides, in pertinent part, as follows:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

### 15 U.S.C. §1692e

69.    Section 15 U.S.C. § 1692e provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of —
        (A) The character, amount, or legal status of any debt;

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### 15 U.S.C. § 1692f

70.    Section 15 U.S.C. §1692f provides, in pertinent part, as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

71.    Defendant CRS violated the above sections of the FDCPA when Defendants: (1) stated that Defendants knew where Plaintiffs were, inferring that Defendants would come after Plaintiffs with physical violence; (2) threatened to ruin both of Plaintiffs credit, despite the fact that Mr. Ferrer was not a co-borrower on the Alleged Debt; (3) repeatedly contacting Plaintiffs after Plaintiffs informed Defendants that Plaintiffs were represented by counsel and gave

Defendants counsel's name and contact information; (4) told Mr. Ferrer that he was "scum" and that he "had no rights" and that Mr. Ferrer was "breaking the law" by not paying his debts, and that Defendants would bring embarrassment to Plaintiffs; (5) placing back-to-back collection calls to Plaintiffs; (6) making collection calls to Plaintiffs after Plaintiffs instructed Defendants, both orally and in writing, not to call Plaintiffs; (7) falsely stated that Defendants would garnish Plaintiffs wages even though Defendants had not obtained a judgment against Plaintiffs; (8) placing multiple collection calls to Mrs. Ferrer's place of employment after being told not to call Mrs. Ferrer's place of employment, and stating that Defendants would continue to call Mrs. Ferrer's place of employment in order to cause Mrs. Ferrer embarrassment;   (9) repeatedly calling Mrs. Ferrer's sister-in-law's father and telling him about the Alleged Debt and stating that Defendants would ruin Plaintiffs' credit if Plaintiffs did not pay the Alleged Debt; and (10) placing at least two Collection Calls to Mr. Ferrer's cell phone without Mr. Ferrer's consent.

72.     As a result of CRS's violation of the FDCPA, Plaintiffs are entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);   (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiffs are entitled to under the law.

73.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment in Plaintiffs' favor finding that CRS has violated the FDCPA; awarding Plaintiffs actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FCCPA AS TO DEFENDANT CRS

74.     This is an action against CRS for violation of Fla. Stat. § 559.55 *et seq*.

75.     Plaintiffs re-allege and incorporate paragraphs 1 through 27, as if fully set forth herein.

76.     CRS is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq*.

77.     The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

78.      CRS communicated certain information to Plaintiffs as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

79.     Through the conduct described in paragraphs 18 - 27 above, Defendant CRS violated the following provisions of the FCCPA:

80.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(2)   Use or threaten force or violence;

(4)   Communicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However, this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.

(5)   Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(8)   Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist

(18)   Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

81.     Defendant CRS violated the above sections of the FCCPA when Defendants: (1) stated that Defendants knew where Plaintiffs were, inferring that Defendants would come after Plaintiffs with physical violence; (2) threatened to ruin both of Plaintiffs credit, despite the fact that Mr. Ferrer was not a co-borrower on the Alleged Debt; (3) repeatedly contacting Plaintiffs after Plaintiffs informed Defendants that Plaintiffs were represented by counsel and gave Defendants counsel's name and contact information; (4) told Mr. Ferrer that he was "scum" and that he "had no rights" and that Mr. Ferrer was "breaking the law" by not paying his debts, and that Defendants would bring embarrassment to Plaintiffs; (5) placing back-to-back collection calls to Plaintiffs; (6) making collection calls to Plaintiffs after Plaintiffs instructed Defendants, both orally and in writing, not to call Plaintiffs; (7) falsely stated that Defendants would garnish Plaintiffs wages even though Defendants had not obtained a judgment against Plaintiffs; (8) placing multiple collection calls to Mrs. Ferrer's place of employment after being told not to call Mrs. Ferrer's place of employment, and stating that Defendants would continue to call Mrs. Ferrer's place of employment in order to cause Mrs. Ferrer embarrassment;   (9) repeatedly

calling Mrs. Ferrer's sister-in-law's father and telling him about the Alleged Debt and stating that Defendants would ruin Plaintiffs' credit if Plaintiffs did not pay the Alleged Debt; and (10) placing at least two Collection Calls to Mr. Ferrer's cell phone without Mr. Ferrer's consent.

82.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

83.    Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, CRS is liable to Plaintiffs for their actual damages, statutory damages, and reasonable attorney's fees and costs.

84.    Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendants as described herein, Plaintiffs are also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against CRS, finding that CRS violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demands a trial by jury.   U.S. Const. amend. 7 and Fed. R. Civ. P. 38.


Dated: August 9, 2013                      Respectfully Submitted,

                                           **CENTRONE & SHRADER, LLC**
                                           1710 N. 19th Street, Suite 205
                                           Tampa, Florida 33605
                                           Phone:  (813) 360-1529
                                           Fax:     (813) 336-0832


                                           **GUS M. CENTRONE, ESQ.**
                                           Florida Bar No. 30151
                                           e-mail: gcentrone@centroneshrader.com
                                           **BRIAN L. SHRADER, ESQ.**
                                           Florida Bar No. 57251
                                           e-mail: bshrader@centroneshrader.com
                                           Attorneys for Plaintiffs

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF,
SHADRICK FERRER**

I, Shadrick Ferrer, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1.      I am a Plaintiff in this civil proceeding.

2.      I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Shadrick Ferrer

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF,
<u>GINA FERRER</u>**

I, Gina Ferrer, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

6.     I am a Plaintiff in this civil proceeding.

7.     I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

8.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

9.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

10.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


_____
Gina Ferrer